William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
**BROOKS KUSHMAN P.C.**
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071-1635
Tel.: (213) 622-3003

Marc Lorelli (Admitted *Pro Hac Vice*)
mlorelli@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel: (248) 358-4400
Fax: (248) 358-3351

*Attorneys for Plaintiff*
*JDS Technologies, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| **JDS TECHNOLOGIES, INC.**, a Michigan corporation,<br><br>       Plaintiff,<br>v.<br><br>**USA VISION SYSTEMS, INC.,** a California corporation, and **GEOVISION, INC.**, a Taiwanese corporation,<br><br>       Defendants. | Case No.  8:20-cv-01586-JVS-KES<br><br>Hon. James V. Selna<br>Magistrate Judge Karen E. Scott<br><br>**STIPULATED PROTECTIVE ORDER** |

1.    A.  <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.  <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt

resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   Action: 8:20-cv01586-JVS-KES, JDS Technologies, Inc. v. USA Vision Systems, Inc. and Geovision, Inc.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, except, certain CONFIDENTIAL information or tangible things may be defined as CONFIDENTIAL – ATTORNEYS EYES ONLY, as set forth below.

2.4   "CONFIDENTIAL – ATTORNEYS EYES ONLY" Information or Items (hereafter "CAEO"): Information regardless of how generated, stored or maintained, or tangible things that are extremely sensitive and their disclosure to any person other than the parties' respective Outside Counsel of Record would create a substantial risk of injury, business loss or competitive disadvantage, including, without limitation, trade secrets, customer lists, pricing lists, costs of goods and sales information,

research, development, business, commercial, financial, technical and/or other proprietary information.

2.5   "CONFIDENTIAL-ATTORNEYS EYES ONLY SOUCE CODE" Information or Items (hereafter "CAEO - SOURCE CODE"): Source Code Information regardless of how generated, stored or maintained, or tangible things that are extremely sensitive and their disclosure to any person other than the parties' respective Outside Counsel of Record would create a substantial risk of injury, business loss or competitive disadvantage, including by not limited to computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code material").

2.6   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.7   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CAEO" or "CAEO - SOURCE CODE."

2.8   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9   Expert: a person retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.10   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "CAEO" or "<u>CAEO- SOURCE CODE.</u>"

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Nothing in this Order shall bar or otherwise restrict Outside Counsel of Record for a party from rendering advice to his client with respect to this Action and, in the course thereof, relying upon his or her

examination of materials designated "CONFIDENTIAL," "CAEO," or "CAEO – SOURCE CODE" provided that no disclosure of the substance of any such material shall be made except as (i) permitted herein or (ii) if such statement is a general conclusory statement indicating the nature and strength of the proofs the other party (or any third party) has offered.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum either, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), "CONFIDENTIAL ATTORNEYS EYES ONLY" (hereafter "CAEO legend"), or "<u>CONFIDENTIAL ATTORNEYS EYES ONLY SOUCE CODE</u>" (hereinafter "<u>CAEO - SOURCE CODE legend</u>") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed

"CONFIDENTIAL OUTSIDE COUNSEL ONLY," except as provided in paragraph 2.5 with respect to Source Code Materials. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend," the "CAEO legend," or the "CAEO - SOURCE CODE legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, if requested, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, or within 30 days of receipt of the official transcript, all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL legend," the "CAEO legend," or the "CAEO - SOURCE CODE legend". If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3      <u>Disclosure of "CONFIDENTIAL – ATTORNEYS EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      the court and its personnel;

(d)      court reporters and their staff;

(e)      any other individuals specifically agreed upon in writing between the attorneys for Plaintiff and Defendant before it is disclosed and marked Confidential Outside Counsel Only

7.4      It is expressly agreed that no CAEO Information shall be disclosed to the officers, directors and employees of the Receiving Party unless expressly permitted in writing by the Designating Party. Any Receiving Party requesting such information be disclosed to its House Counsel, shall advise the other party with an explanation and obtain prior approval for such disclosure which shall not be unreasonably withheld. House Counsel may only review the material and not disclose such material to any other party such as an officer, director or employee of a party to this action. If CAEO Information is disclosed to House Counsel, it should be shared with only the specifically designated in-house attorney(s) and individuals of the support staff to

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-01586-JVS-KES

whom it is necessary to disclose the CAEO Information in order to fulfill the reason of the request for the disclosure, and whose names the Parties agree upon. In addition, if CAEO Information is disclosed to House Counsel, the designated persons all must take all reasonable measures to protect the confidentiality of and avoid unauthorized disclosure and/or use of the CAEO Information, including, without limitation, limiting access to the documents or things utilizing passwords or by keeping them in a secure location.

8. For Protected Material designated CAEO - SOURCE CODE, the following additional restrictions apply. In the event travel and/or other restrictions relating to the Covid-19 pandemic hinder a Party's ability to inspect Source Code Material or to make Source Code Material available for inspection in accordance with the provisions of this paragraph, the Parties shall cooperate in good faith as may be reasonably necessary to develop alternative procedures governing the inspection and production of Source Code Material. Such alternative procedures may include the production of Source Code Material for inspection on electronic media transferred to the offices of Receiving Party's Expert or Outside Counsel of Record (or at some other mutually agreeable location).

(a) Access to a Party's Source Code Material shall be provided only on a "stand-alone," secured computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) ("Source Code Computer"). The Source Code Computer(s) may be connected to a printer solely for the limited purposes permitted pursuant to paragraphs 8(g) below. Additionally, except as provided in paragraph 8(l) below, the Source Code Computer(s) may only be located in a secured room ("Source Code Room") at the offices of the Designating Party's Outside Counsel of Record or at some other mutually agreeable location.

(b) Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide ten (10) business days' notice of the Source Code that it wishes to inspect. The Receiving Party shall provide five (5) business days' notice prior to any additional inspection. When requesting inspection of a Party's Source Code Material, the Receiving Party shall identify all persons who will inspect the Designating Party's Source Code Material on behalf of a Receiving Party, including members of a Receiving Party's Outside Counsel of Record. The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 am. through 5:00 p.m. on normal business days (i.e., weekdays that are not Federal or state holidays). However, upon reasonable notice from the Receiving Party, the Designating Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer(s) outside of normal business hours. The Parties shall cooperate in good faith such that maintaining the Designating Party's Source Code Material at the offices of its Outside Counsel of Record (or at some other mutually agreeable location) shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c) The Designating Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(d) The Designating Party will make available for inspection Source Code Material in native format as it is kept in the ordinary course of the Designating Party's business (e.g., maintaining the file names, file extensions and directory structure as it is kept in the ordinary course of business).

(e) The Designating Party will make reasonable source code review tools available on the Source Code Computer(s) for use by the Receiving Party during the

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-01586-JVS-KES

inspection of the Source Code Material. Such tools shall include, but not necessarily be limited to, Notepad++. The Parties shall cooperate in good faith to provide other source code review tools as may be reasonably requested by the Receiving Party.

(f) Access to Protected Material designated CAEO - SOURCE CODE shall be limited to the Receiving Party's Outside Counsel of Record and up to three (3) outside consultants or experts of the Receiving Party (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this Action and approved to access such Protected Materials pursuant to paragraph 7.3 above. A Receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, or other Court document ("Source Code Document"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(g) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as CAEO - SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as CAEO - SOURCE CODE.

(h) The Receiving Party's Outside Counsel of Record shall make no more than three (3) additional copies of any portions of the Source Code Material, not including copies attached to court filings, and shall maintain a log of all paper copies of the Source Code Material. The log shall include the names of the recipients of all paper copies and locations where the paper copies are stored. The Receiving Party shall provide a copy of this log to the Designating Party within five (5) business days of a Designating Party's request for a copy of the log, such request to include a reasonable basis for production (e.g., good cause). Other than as provided herein, no other copies (i.e., paper copies, electronic copies, handwritten copies, etc.) of Source Code Material

shall be made without prior written consent of the Designating Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

(i) The Receiving Party shall be permitted to make one printout of Source Code Material. The Receiving Party may not print more than fifty (50) consecutive pages or five hundred (500) total pages of Source Code from each Designating Party in this litigation without prior written approval by the Designating Party or Order of the Court. Upon printing such pages of Source Code Material, the Designating Party shall collect such materials and Bates number, copy and label all of the printed pages "CAEO SOURCE CODE." Within five (5) business days, the Designating Party shall either (1) provide one copy set of such pages to the Receiving Party's Outside Counsel of Record and one copy set of such pages to one of the Receiving Party's experts or consultants disclosed pursuant to paragraph 7.3 above, such expert or consultant's identification and physical address for delivery of the Source Code Material to be provided to the Designating Party within two days of the inspection of the Source Code Material, or (2) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If the Designating Party objects to any printed portions, the Parties shall meet and confer within three (3) business days after the Designating Party has informed the Receiving Party of its objection. If, after meeting and conferring, the Designating Party and the Receiving Party cannot resolve the objection, the Designating Party shall be entitled to seek a Court resolution of whether the printed Source Code Material in question is narrowly tailored and was printed for a permitted purpose.

(j) Printed Source Code Material shall be labeled "CAEO - SOURCE CODE" and shall continue to be treated as such.

(k) If the Receiving Party's Outside Counsel of Record, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such Outside Counsel of Record, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s) and any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding);

(l) Court reporters and/or videographers shall not retain or be given copies of any portions of CAEO - SOURCE CODE materials, all of which shall be maintained by deposing counsel under the secure conditions required herein. If any portion of CAEO - SOURCE CODE is used during a deposition, the deposition record will identify the exhibit containing any CAEO - SOURCE CODE by its production numbers only, and the entire deposition transcript shall be deemed designated CAEO - SOURCE CODE until further specifically designated in accordance with this Order. To the extent any portion of CAEO - SOURCE CODE are quoted in any document or transcript, either the entire document or transcript will be stamped and treated at CAEO - SOURCE CODE or at least those pages containing any CAEO - SOURCE CODE will be separately bound, designated, and treated as CAEO - SOURCE CODE.

(m) A Designating Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 8(f) above to another person authorized under paragraph 8(f) above, on paper, in the same manner in which the Designating Party provided the printed Source Code Material to the Receiving Party. For example, if a Designating Party provides its printed Source Code Material to the Receiving Party via hand carry, then the Receiving Party may only

transport that printed Source Code Material via hand carry. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 8(k) and (l) above and is at all times subject to the transport restrictions set forth herein.

9. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party—with the exception of any expert(s) or consultant(s) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)—who has reviewed the other Party's Disclosure or Discovery Material that is designated "CONFIDENTIAL ATTORNEYS EYES ONLY" or "CONFIDENTIAL ATTORNEYS EYES ONLY SOUCE CODE," who obtains, receives, or otherwise learns, in whole or in part, the other Party's Disclosure or Discovery Material that is designated "CONFIDENTIAL ATTORNEYS EYES ONLY" or "CONFIDENTIAL ATTORNEYS EYES ONLY SOUCE CODE," under this Order shall refrain from the following activities for a period of one (1) year after the final resolution of this action (including any appeals): prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of video surveillance technology or computer systems designed for video surveillance, before any foreign or domestic agency, including the United States Patent and Trademark Office. "Prosecute" means drafting, amending, advising on the content of, or otherwise affecting the scope or content of patent claims or specifications. These prohibitions shall not preclude counsel from participating in reexamination or *inter partes* review proceedings to challenge or defend the validity of any patent, but counsel may not participate in the drafting of amended claims in any such proceedings. Additionally, nothing in this paragraph shall prevent any attorney from sending non-confidential prior art to any attorney involved in patent prosecution for purposes of

ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

## 10.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-01586-JVS-KES

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "CAEO," or "CAEO-SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

12.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior

privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

14.   MISCELLANEOUS

14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  January 26, 2021          By: /s/ Marc Lorelli
                                  Marc Lorelli (*Pro Hac Vice*)
                                  mlorelli@brookskushman.com
                                  **BROOKS KUSHMAN P.C.**
                                  1000 Town Center, 22nd Floor
                                  Southfield, MI 48075
                                  T: (248) 358-4400 /F (248) 358-3351

William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
**BROOKS KUSHMAN P.C.**
445 S. Figueroa Street, Suite 3100
Los Angeles, CA 90071-1635
Tel.: (213) 622-3003

*Attorneys for Plaintiff*

Dated: January 26, 2021                By:  /s/ Jeffrey T. Lindgren*

Jeffrey T. Lindgren
(SBN 176400)
jlindgren@vbllaw.com
Richard C. Vasquez
(SBN 127228)
rvasquez@vbllaw.com
Robert S. McArthur
(SBN 204604)
mcarthur@vbllaw.com
**VASQUEZ BENISEK & LINDGREN LLP**
1550 Parkside Drive, Suite 130
Walnut Creek, CA 94596
Telephone:  (925) 627-4250
Facsimile:   (925) 403-0900

*Attorneys for Defendants USA Vision Systems,
Inc., and Geovision, Inc.*

* Pursuant to Local Rule 5-4.3.4(a)(2), the filing party attests that Plaintiff's counsel concurs in the content of this Stipulated Protective Order and has authorized its filing with his electronic signature.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: January 27, 2021        _Karen E. Scott_____

Hon. Karen E. Scott
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-01586-JVS-KES

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of perjury that
I have read in its entirety and understand the Stipulated Protective Order that was issued
by the United States District Court for the Central District of California on [date] in
the case of *JDS Technologies, Inc. v. USA Vision Systems, Inc. and Geovision, Inc.*,
Case No. 8:20-cv-01586-JVS-KES. I agree to comply with and to be bound by all the
terms of this Stipulated Protective Order and I understand and acknowledge that failure
to so comply could expose me to sanctions and punishment in the nature of contempt.
I solemnly promise that I will not disclose in any manner any information or item that
is subject to this Stipulated Protective Order to any person or entity except in strict
compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court
for the Central District of California for the purpose of enforcing the terms of this
Stipulated Protective Order, even if such enforcement proceedings occur after
termination of this action.

Date: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
Case No. 8:20-cv-01586-JVS-KES